IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| STEVE COOLEY | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-06-234 |
| | § | |
| CITY OF TEXAS CITY, TEXAS, ET AL. | § | |

## OPINION AND ORDER

Before the Court are competing Motions for Partial Summary Judgment.  The Court, having considered the Motions and the arguments of counsel now  issues this Opinion and Order.

On April 7, 2004, Plaintiff, Steve Cooley, passed a competitive written examination administered by the Texas City Fire Fighters' and Police Officers' Civil Service Commission and, as a result of his test score and seniority points was ranked at the top of the promotional eligibility list for the rank of Captain effective April 7, 2004 through April 6, 2005.  On July 22, 2004, Defendant Fire Chief Gerald Grimm promoted Captain Robert Baker to the newly created position of Assistant Fire Chief, thereby, creating a vacancy of a Captain position.  Under Texas Local Government Code § 143.03(e), that vacancy is required to be permanently filled within 60 days or the top candidate is rewarded the promotion.  Chief Grimm failed to make a permanent appointment in a timely manner and, therefore, on September 20, 2004, by operation of law, Cooley was promoted to fill the Captain vacancy.  Cooley is, therefore, entitled to a retroactive promotion, back pay, and other relief provided by § 143.015.  See: e.g. Lee v. Downey, 842 S.W.2d 646, 649 (Tex. 1992)

The Defendants argue that § 143.015 does not waive the sovereign immunity of Texas City because it limits promotion with back pay only to disputes involving suspensions, dismissals or demotions.  This Court disagrees.  In the opinion of this Court, the language of § 143.015 is

ambiguous.  Despite the limiting language cited by the Defendants, the statute says a "District Court may grant the appropriate legal or equitable relief necessary to carry out the purposes of this Chapter"; that the Court "may award reasonable attorney's fees to the prevailing party"; and that the "Court shall order the municipality to pay lost wages to the Fire Fighter."  Under § 311.023 of the Texas Government Code, when a statute is ambiguous a Court may consider interpretive aids including, *inter alia*, the object sought to be obtained by the statute; the circumstances under which it was enacted; the consequences of a particular construction, and administrative, and presumably judicial, construction of the statute.  The purpose of Chapter 143 of the Texas Local Government Code is "to secure efficient fire and police departments composed of capable personnel who are free from political influence and who have permanent employer tenure as public servants."  Clearly, the object sought by the statute is to protect fire fighters from arbitrary treatment.  The Defendant's construction would allow every city in Texas, except Houston, to thwart the statutory tenure track of fire fighters without consequence.  Obviously, throughout the history of the Civil Service Act, the Courts and Commissions have routinely provided the remedies of retroactive promotion with back pay to individuals in Cooley's predicament.  It is untenable that the Legislature hoped to preserve the sovereign immunity of cities in such situations.

It is, therefore, the **ORDER** of this Court that the Plaintiff's Motion for Partial Summary Judgment is **GRANTED**.

It is further **ORDERED** that the Defendant's Cross-Motion for Partial Summary Judgment (Instrument no. 9) is **DENIED**.

DONE at Galveston, Texas, this _____12th_____ day of October, 2006.

_____
John R. Froeschner
United States Magistrate Judge