IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| STEVE COOLEY § | |
| § | |
| V. § | CIVIL ACTION NO. G-06-234 |
| § | |
| CITY OF TEXAS CITY, TEXAS, ET AL. § | |

## OPINION AND ORDER

Before the Court is the "Motion for Summary Judgment Regarding All Remaining Issues" of the Defendants City of Texas City and Gerald Grimm.

The Court has read the Parties submissions and, with all due respect, sees no reason to recite, at length, what the Parties already know the law to be, especially, since there is really no substantive dispute over the applicable law regarding Grimms' qualified immunity or the balancing of the City's interests where appropriate. The substantive dispute in this case is over the facts, but in this dispute the Court can over little assistance. The Court is not empowered to make credibility determinations or weigh the evidence. Dibidale of La., Inc. v. American Bank & Trust Co., 916 F.2d 300, 307-8 (5th Cir. 1990)   Instead, it must accept Cooley's evidence as true and draw all reasonable inferences therefrom in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)   Under this one-sided test, the Court concludes that a reasonable Jury, if it believed all evidence favorable to Cooley, could find that Grimm by-passed Cooley solely because of his protected union activities and that Cooley's promotion would not have any significant detrimental effect on the efficiency of the Texas City Fire Department. Pruitt v. Levi Straus & Co., 932 F.2d 458, 460 (5th Cir. 1991)   These are the material factual issues that must be resolved by the Jury and which preclude the entry of summary judgment.

It is, therefore, the **ORDER** of this Court that the "Defendants' Motion for Summary Judgment Regarding All Remaining Issues" (Instrument no. 34) is respectfully **DENIED**.

**DONE** at Galveston, Texas, this ___27th___ day of February, 2007.

_____
John R. Froeschner
United States Magistrate Judge